IRA M. HARRISON, administrator,

*v.*

JOSEPH T. FARRINGTON.

A bill alleged that the complainant's intestate and the defendant had been partners in business up to the time of the intestate's death; that the complainant was entirely ignorant of the affairs of the firm, and repeatedly applied to the defendant for a statement and account thereof, and that defendant finally rendered him a statement showing that there was a large balance due the intestate from the firm; that the defendant had, in that statement, fraudulently charged the intestate with the amount of a note which the defendant ought to have compelled the maker to pay, and that by the defendant's subsequent false and fraudulent representations the complainant had been induced to accept a smaller sum than appeared by the statement to be due to the intestate.

Harrison *v.* Farrington.

The defendant filed a plea of an account stated between himself and complainant, and negatived, by separate denials, supplemented by a general one, the charges of fraud in the bill, and also filed an answer to the same effect. On the hearing on the plea in bar—*Held,*

(1) That the verification of the plea that it is not interposed for delay, but in good faith, conforming to the statute, is sufficient, although the defendant does not make oath that the matter is true.

(2) That as the main object of the suit is an account, a statement in the plea that it is to the " whole of said bill or to so much and such part of it as prays an accounting," is sufficient.

(3) That an answer is necessary to support the plea where, as here, the bill anticipates the plea of an account stated and alleges facts to avoid it, and the answer, as well as the plea, must deny those allegations of the bill.

(4) That it is no ground of objection to the plea for multifariousness that its denial of the facts stated in the bill in charging fraud is detailed and particular.

(5) That it is a fatal objection to this plea that it does not state explicitly the balance found to be due on the accounting.

Bill for relief.   On plea in bar.

*Mr. J. W. Taylor,* for complainant.

*Mr. S. C. Mount,* for defendant.

The Chancellor.

This matter comes before me on the hearing of the defendant's plea in bar. The bill states that John C. Johnson, the complainant's intestate, and the defendant were copartners up to the death of the former; that the complainant, after having repeatedly applied, without success, to the defendant for an account of the partnership affairs, received a statement from him which showed that there was due Johnson's estate from the partnership the sum of $14,578.85; that the complainant was entirely ignorant of the affairs of the partnership; that in the accounts the defendant fraudulently charged Johnson's estate with the amount of a note made by one William C. Miller, which the defendant ought to have required Miller to pay &c. &c., and that the complainant, by the false and fraudulent representations of the defendant, was induced to accept a smaller sum than

the amount which appeared to be due by the statement. The defendant demurred to part of the bill and pleaded to the rest. The demurrer was overruled. *9 Stew. Eq. 107.* The plea was also overruled (*11 Stew. Eq. 1*), with leave to amend. The defendant has amended the plea, and answered also in support of it. By the plea he pleads that an account was stated between him and the complainant, and negatives, by separate denials, supplemented by a general one, the charges of fraud made against him in the bill. His answer is to the same effect.

The complainant's counsel insists that the plea should be overruled on various grounds: First, because it is not duly verified; second, because it does not appear whether it is intended to cover the whole or only part of the bill; third, because the answer is to the same matter as the plea, and so overrules it; fourth, because the plea is multifarious in separately negativing the various facts stated in the bill in charging fraud; fifth, because it does not show what the balance was that was found due on the alleged accounting.

The first objection cannot be entertained. The defendant has made the oath required by the statute that the plea is not interposed for delay, but in good faith. The old rule on the subject was that to a plea of matter *in pais* in bar the defendant must make oath that it is true. And it has been held that such oath is requisite, even though the bill pray an answer without oath. *Heartt* v. *Corning, 3 Paige 566.* But where the statute directs what the verification of the plea shall be, it must be assumed that no further or other verification is necessary. It may be added that a plea will not be overruled on the hearing for want of the requisite oath. The objection must be made on motion, on notice to take the plea off the files. *1 Dan. Ch. Pr. 688.*

The objection that it does not appear whether the plea is to the whole bill or only to part of it, is not tenable. The plea states that it is to the " whole of said bill or to so much and such part of it as prays an accounting." The bill is, in fact, only a bill for an account. It is true there are also prayers for the payment of any balance that may be found due, for discovery and for relief generally, but these are only incidental and subordinate

Harrison *v.* Farrington.

to the great object of the suit, which is the account, or conse-
quent upon the attainment thereof, provided the result of the
accounting shall be in favor of the complainant.   But if it be
conceded that the bill should not be considered as merely a bill
for an account, the plea is evidently intended to go merely to the
claim of the bill to an account.   If that is properly to be
regarded as the whole object of the bill, then the plea is to the
whole bill; and if not, then it is a plea to so much and such part
of the bill as seeks an account.   It is very clear that the pleader
intended to confine the plea to the demand for an account.

The next objection is that the answer is to the same matter as
the plea.   This objection is based on a misapprehension of the
extent of the rule on the subject.   The general rule is, that
when the defendant, at the same time, sets up the same defence
both by answer and plea in bar, the former overrules the latter.
The reason is, that by interposing the plea, he claims that he
ought not to be required to answer, and yet at the same time,
does answer.   But where, as in the present case, the bill
anticipates the bar and alleges facts to avoid it, an answer is
necessary, *in subsidium,* to support the plea.   In such case, it is
proper not only that the plea should contain all necessary aver-
ments to overthrow those allegations, but the defendant must
support his plea by an answer, also denying those allegations.
*Ferguson* v. *O'Harra, 1 Pet. C. C. 493.*   "A plea should be
drawn," says Professor Langdell, "in the same manner, whether
it requires the support of an answer or not, *i. e.,* if it is a defence
to the whole bill, it should be pleaded to the whole bill, and
then the answer should give such discovery as the plaintiff is
entitled to for the purpose of trying the truth of the plea."
*Lang. Eq. Pl.* § *105.*   See, also, *Mitf. Ch. Pl. 244, 298 ; Story
Eq. Pl.* § *684.*   The answer in this case is, according to the
statement in the beginning of it, in aid of the plea, and "to give
the complainant the discovery he is entitled to touching and con-
cerning the matters in the bill alleged and charged in avoidance
of the plea."   It is urged that the conclusion of the answer,
the general denial of combination and confederacy, and the
general traverse are evidence of the general character of the

answer, and that it is intended to go to the whole bill. The insertion of the conclusion referred to is contrary to the rule of this court which requires that it be omitted. It has no significance, however, in favor of the objection under consideration.

It is also urged that the answer is not sufficient, in that it does not answer all of the bill which is not covered by the plea. I see no ground for sustaining this objection. The scope of the bill has already been adverted to, and if the complainant is barred from an account, his claim to relief wholly fails.

The next objection is that the plea is multifarious, because it negatives the various facts stated in the bill in charging fraud. The objection is not well taken. The charges in the bill to support the allegation of fraud, must be met in the plea. *Mitf. Ch. Pl. 240, 271.* They may be met by a general denial (no matter how general), provided it be sufficient to put the charges of fraud contained in the bill in issue. *Mitf. Ch. Pl. 244.* It is no ground of objection that the denials are explicit and particular. *Bogardus* v. *Trinity Church, 4 Paige 178, 195.* They merely put the fraud in issue.

It remains to consider the objection that the plea does not state the balance found to be due on the accounting. It is laid down as a requisite to a plea of account stated in equity, that it set forth what the balance was. *Beam. Pl. Eq. 230.* In the case in hand, the plea makes no statement on that head. The bar set up in the plea is, in fact, not the accounting but the executed agreement, for the purchase, by the defendant, of the interest of the complainants invested in the assets of the firm. Hence, the amount of that interest, according to the accounting, is not stated, nor is it stated that it was ascertained thereby. The plea is silent as to the result of the account. Nor does it even state what amount the defendant agreed to pay the complainant for the interest of his intestate in the property of the firm. It states that they accounted and that the complainant urged the defendant to buy the interest of his intestate, for the sum of $10,000, and as an inducement, offered to allow him the amount of a note of $262.72, made by Samuel Thompson and held by the firm, and to waive the interest on the notes to be

given in payment, and that "a memorandum of that agreement was then and there drawn in writing, in words and figures following:

"New York, Aug. 10th, '76.

"It is agreed between the undersigned that the interest of the estate of John C. Johnson, deceased, in the late firm of John C. Johnson & Co., shall be settled for the sum of $10,000, less the amount of Samuel Thompson's note—$262.72.

"$10,000 00
"  262 72

"$9,737 28

"To be settled by notes as follows: [then follows a statement of notes], said notes to be without interest."

It is not stated that this instrument was signed by anybody. The plea adds that the complainant afterwards agreed to allow, as a "further payment thereon," another claim, which is specified, thereby reducing the amount to be paid to $9,582.28; that an attachment was issued out of the supreme court of New York, at the instance of creditors of the estate of the intestate, against the complainant, and served on the defendant, and that a notice was served on the latter, by the public administrator of the city of New York, "claiming said assets and forbidding the payment of said moneys to said complainant;" that on the 10th of July, 1878, the complainant sued the defendant in the circuit court of Essex county, in this state, for "said balance of $9,582.28," and obtained judgment therein against the defendant on the 31st of August following, which the latter paid on the 6th of December following, and the complainant gave him a warrant (which is set out) for the satisfaction of the judgment. The plea does not allege that the complainant ever agreed to take $10,000, or $9,737.28, or $9,582.28, for the interest of his intestate in the partnership property. It may be gathered from it that the pleader intended to say that he agreed to take the last-mentioned sum for it, but he has not done so. He says (to restate it) that the complainant urged the defendant to give $10,000, and as an inducement agreed to allow him the Thompson note; that a memorandum of that agreement (but it does not say that the defendant agreed to take the interest and pay

any sum for it) was drawn (it does not even state that it was signed); that the complainant afterwards agreed to allow, as a further payment thereon, another claim, thereby reducing the amount to be paid to $9,582.28, and that the complainant sued the defendant for that sum and recovered judgment, which the defendant paid. A plea must clearly and distinctly aver all the facts which are necessary to render it a complete equitable defence to the case made by the bill. This plea is defective, as has just been shown; it will therefore be overruled, with costs.